**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-1390

RICARDO J. ZAYAS, Receiver and Authorized Agent for; THE RUDASILL
FAMILY CHARITABLE REMAINDER ANNUITY TRUST; THE BELLAVIA
FAMILY TRUST; SUMMIT TRUST CO.,

Plaintiffs - Appellants,

v.

ADCOR INDUSTRIES, INC.,

Defendant - Appellee,

and

ADCOR PACKAGING GROUP, LLC,

Defendant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.
Gina Simms, Magistrate Judge. (8:16-cv-03193-GLS)

Submitted: June 1, 2021                    Decided: August 10, 2021

Before NIEMEYER, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William F. Askinazi, ASKINAZILAW & BUSINESS, LLC, Potomac, Maryland, for Appellants.  Kristin C. Tracy, Thomas M. Donnelly, LAW OFFICES OF THOMAS M. DONNELLY, LLC, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricardo J. Zayas,[1] The Rudasill Family Charitable Remainder Annuity Trust, The Bellavia Family Trust, and Summit Trust Company (collectively, Appellants) appeal the district court's[2] order entering judgment in favor of Adcor Industries, Inc. ("Adcor"), on Appellants' claim of unjust enrichment. On appeal, Appellants argue that the district court erred in finding that they had not established that Adcor had acknowledged the relevant debt and thereby tolled the statute of limitations. We affirm.

"We review a judgment following a bench trial under a mixed standard of review—factual findings may be reversed only if clearly erroneous, while conclusions of law . . . are examined de novo." *Equinor USA Onshore Props., Inc. v. Pine Res., LLC*, 917 F.3d 807, 813 (4th Cir. 2019) (internal quotation marks omitted). Because "we do not exercise de novo review of factual findings or substitute our version of the facts for that found by the district court," we will not reverse a district court's findings so long as "the district court's account of the evidence is plausible in light of the record viewed in its entirety," even if, "had [we] been sitting as the trier of fact, [we] would have weighed the evidence differently." *Id.* (brackets and internal quotation marks omitted). "Findings will be deemed clearly erroneous if, for example, even though there is some evidence to support the finding, the reviewing court, on review of the record, is left with a definite and firm

---

[1] Zayas is the receiver for Summit Trust Company.

[2] The parties consented to proceed before a magistrate judge, who entered the order of judgment on behalf of the district court.

conviction that a mistake has been made, or if findings were made using incorrect legal standards." *Raleigh Wake Citizens Ass'n v. Wake Cnty. Bd. of Elections*, 827 F.3d 333, 340 (4th Cir. 2016) (internal quotation marks omitted). However, if the district court "bases its findings upon a mistaken impression of applicable legal principles, [we are] not bound by the clearly erroneous standard." *Id.* (internal quotation marks omitted).

After reviewing the record and the relevant authorities, we conclude that the district court did not reversibly err in granting judgment in favor of Adcor. Accordingly, we grant Appellants' motion to submit the case on the briefs, and we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*